**[J-27-2025] [MO: Donohue, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

| | |
|---|---|
| MARY JOAN GIDOR, | : No. 21 WAP 2024 |
| | : |
| Appellant | : Appeal from the Order of the |
| | : Superior Court entered January 8, |
| | : 2024, at No. 541 WDA 2023, |
| v. | : reversing and remanding the Order |
| | : of the Court of Common Pleas |
| | : Crawford County Civil Division |
| BENJAMIN E. MANGUS D/B/A MANGUS | : entered September 20, 2022, at No. |
| INSPECTIONS, | : 605 AD 2019. |
| | : |
| Appellee | : ARGUED: April 10, 2025 |

**CONCURRING OPINION**

**JUSTICE WECHT**                    **DECIDED: OCTOBER 23, 2025**

I agree with the Majority's conclusion that the Home Inspection Law's "Statute of Limitations"[1] in fact unintuitively functions as a statute of repose[2]—a necessary consequence of its text taken at face value. It ties its one-year limitations period to a certain event, and brooks no exception, express or implied. I write separately not to bemoan this unlikely but necessary conclusion, but rather to express my difficulties with the Majority's reliance upon disanalogy to what this Court found in *Dubose v. Quinlan*[3] to

---

[1]    *See* 68 Pa.C.S. § 7512.

[2]    *See* 1 Pa.C.S. § 1924 ("The headings prefixed to titles, parts, articles, chapters, sections and other divisions of a statute shall not be considered to control but may be used to aid in the construction thereof."); Maj. Op. at 15. *But see Commonwealth v. Linton*, 337 A.3d 467, 478 (Pa. 2025) (citing 1 Pa.C.S. § 1924).

[3]    173 A.3d 634 (Pa. 2017). I did not participate in the Court's consideration of that case.

be a statute of limitations in the Medical Care Availability and Reduction of Error Act ("MCARE").[4]  To be clear, I find no fault with the Majority's review of that case; it is faithful to *Dubose*'s analysis.  I just have doubts about the soundness of our decision in *DuBose*. Furthermore, I question the effort to draw a material distinction between the limitation at issue in that case and the provision now before us.

It is, of course, beyond peradventure that the plain language of a statute must govern where it is explicit and unambiguous.[5]  And here, it seems clear on its face that the provision before us, Section 7512 of the Home Inspection Law ("HIL"),[6] imposes a firm and unqualified time limit for bringing suit under its provisions: "An action to recover damages arising from a home inspection report *must be commenced within one year after the date the report is delivered*."[7]  It should be enough to say this and be done.  Why? Primarily because this limitation is triggered by a specific event, admits no exception, and serves on its face to provide assurances to the potential defendant of the duration of liability exposure.

To explain my reservations about *DuBose*, I address three interrelated considerations.  First, I review the principle of accrual, which—albeit to some extent tacitly—pervades the present analysis.  This, in turn, brings into focus the construction project limitations period found at 42 Pa.C.S. § 5536, to which the Majority analogizes Section 7512, which I briefly discuss relative to the question of accrual.  After these brief

---

[4]     *See* 40 P.S. §§ 1303.101-1303.910.

[5]     *See* Maj. Op. at 14-15 (citing rules and cases).

[6]     *See* 68 Pa.C.S. §§ 7501-7513.

[7]     *Id.* § 7512 (emphasis added).

discussions, I explain my difficulties with *DuBose*, which the Majority distinguishes from Section 7512's limitations period.

Critical to my conclusion is the absence of an express or implied element of "accrual" detectable in Section 7512. Speaking generally, the statutes of limitations applicable to many categories of claims are governed by Chapter 55 of the Judicial Code.[8] And many of Chapter 55's individual provisions do not specify a triggering event that exists outside the putative plaintiff's experience. As to those provisions, Section 5502 provides generally that "the time within which a matter must be commenced under this chapter shall be computed, except as provided by subsection (b) or by any other provision of this chapter, from the time the cause of action accrued . . . ."[9] "Accrue" is a term of art, defined as follows: "[t]o come into existence as an enforceable claim or right; to arise <the plaintiff's cause of action for silicosis did not accrue until the plaintiff knew or had reason to know of the disease>."[10] Thus, the "discovery rule,"[11] the application of which is our ultimate focus in this case, is baked into the concept of accrual, and by extension by the

---

[8] *See* 42 Pa.C.S. §§ 5501-5574.

[9] *Id.* § 5502(a).

[10] *Accrue*, BLACK'S LAW DICTIONARY (10th ed.); *see* Maj. Op. at 16 ("A statute of limitations limits the time for a plaintiff to bring a suit based on when a cause of action accrues. A cause of action accrues when an injury is inflicted and the corresponding right to institute a suit for damages arises. While a statute of repose also limits the time for a plaintiff to bring suit, unlike a statute of limitations, a statute of repose is not related to the accrual of any cause of action because the injury need not have occurred, much less have been discovered." (citations and internal quotation marks omitted)).

[11] "The discovery rule tolls the statute of limitations when an injury or its cause is not reasonably knowable. The purpose of this rule is clear: to ensure that persons who are reasonably unaware of an injury that is not immediately ascertainable have essentially the same rights as those who suffer an immediately ascertainable injury." *Rice v. Diocese of Altoona-Johnstown*, 255 A.3d 237, 247 (Pa. 2021) (cleaned up).

limitations periods in Chapter 55—"except as otherwise provided . . . by any other provision of this chapter."[12]

Notably, the construction project limitations period discussed by the parties and the Majority appears in Chapter 55 of the Judicial Code. But unlike the various Chapter 55 provisions that are subject in their silence to the default "accrual trigger" in Section 5502, 42 Pa.C.S. § 5536—governing construction projects—provides its own alternative to accrual: "Except as provided in subsection (b)," says Section 5536(a), "a civil action or proceeding brought against any person lawfully performing or furnishing the design, planning, supervision or observation of construction, or construction of any improvement to real property must be commenced within 12 years after completion of construction of such improvement . . . ."[13] Unlike the various provisions subject to Section 5502 accrual, Section 5536 specifies a certain event as triggering a firm time limit. Furthermore, Section 5536 provides its own narrow exception in Section 5536(b), which provides for up to a two-year extension of the twelve-year period when injury or wrongful death occurs within the final two years of the twelve-year period.[14] In providing its own trigger and time limit, and in providing its own narrow exception, it should be read to exclude any other exceptions. And because its running is not tied to accrual, it serves as a statute of repose, precisely as we have held.[15]

---

[12]     42 Pa.C.S. § 5502(a).

[13]     *Id.* § 5536(a).

[14]     *See id.* § 5536(b).

[15]     *See generally* Maj. Op. at 19 (citing cases). It must be said that, in providing an extension for a late-emerging injury or death, its exception looks a lot like the discovery rule. But what looks like the discovery rule in Section 5536 does not, like accrual, (continued…)

Turn next to MCARE. At issue in *DuBose* was the limitations provision found at MCARE Section 513, which provides in relevant part:

**§ 1303.513. Statute of repose**

(a) General rule.—Except as provided in subsection (b) [injury by foreign object] or (c) [injury to a minor], no cause of action asserting a medical professional liability claim may be commenced after seven years from the date of the alleged tort or breach of contract.

* * * *

(d) Death or survival actions.—If the claim is brought under 42 Pa.C.S. § 8301 (relating to death action) or 8302 (relating to survival action), the action must be commenced within two years after the death in the absence of affirmative misrepresentation or fraudulent concealment of the cause of death.[16]

In *Dubose*, this Court held that 40 P.S. § 1303.513(a) functions as a statute of repose, while Section 513(d) functions as a statute of limitations. Mary Joan Gidor would have us find *DuBose*'s Section 513(d) analogous to Section 7152 and our analysis of that provision in *DuBose* effectively controlling in this case.

The Majority offers the following explanation for declining Gidor's invitation:

We reject Gidor's argument that [HIL] Section 7512 is analogous to [MCARE] Section 513(d) simply because each statute contains language that the action "'must be commenced within [a certain time].'" Gidor's Brief at 17 (quoting 68 Pa.C.S. § 7512; 40 P.S. § 1303.513(d)). . . . In *DuBose*, we were tasked with deciding whether Section 513(d) is a statute of limitations such that the limitation period for medical professional liability wrongful death and survival actions would be two years from the time of the decedent's death. *Dubose*, 173 A.3d at 635. To answer this question, we analyzed the entirety of Section 513 and noted the distinct language of Section 513(d) compared to Section 513(a) . . . , which we explained is a

_____

potentially toll the running of the statute indefinitely for unspecified circumstances affecting the discovery or discoverability of the injury. Perhaps it is fairer to say that the Section 5536 construction project statute of repose is, in effect, a fourteen-year statute of repose, factoring in the potential effect of its extension. But it nonetheless provides the defendant certainty regarding when its exposure will end.

[16] 40 P.S. § 1303.513.

statute of repose. While we recognized that "Section 513(d) focuses not on the defendant's conduct, but on the time within which the plaintiff must sue[,]" *id.* at 647, this was not dispositive to our conclusion that Section 513(d) is a statute of limitations. Critically, we observed that Section 513(d) sets forth "specific equitable considerations that may toll the two-year period to commence a suit: 'affirmative misrepresentation or fraudulent concealment of the cause of death.'" *Id.* (quoting 40 P.S. § 1303.513(d)).[17]

From the inclusion of those equitable exceptions, this Court inferred legislative intent to incorporate principles of accrual, although in identifying accrual at the specific time of death the Court did so with a provision bearing the hallmark of a statute of repose.[18]

Thus, in *DuBose*, the Court found that a provision tying a time limitation to a certain event (death) in a statute entitled "Statute of repose" nonetheless functioned as a statute of limitations. It is this essential conclusion in *DuBose* with which I struggle.

Take for granted one principle: one can properly understand a limitations provision that comes with express exceptions to be a standard of repose. Indeed, this is the case with respect to the statute of repose we found in MCARE Section 513(a) as well as the statute of repose governing construction projects. Undisputedly a statute of repose, the construction project statute carves out a narrow, discovery rule-esque exception for instances in which an injury or death occurs in the two-year period preceding the expiration of the twelve-year limitation. In that event, the cause of action may be "commenced . . . not later than 14 years after completion of construction of such

---

[17] *See* Maj. Op. at 20-21.

[18] *See DuBose*, 173 A.3d at 647.

improvement."[19]  This Court has never held that such an exception makes this a statute of limitations rather than one of repose.

In *DuBose*, though, we construed MCARE's limitations provision's specification of certain exceptions as the dispositive hallmark of a statute of limitations.  In explaining the discrepancy, the *DuBose* majority seemed to focus on the *character* of the exception: it seems only *equitable* exceptions transform what looks like a statute of repose into a statute of limitations.  But it is more compatible with our understanding of the form and function of statutes of limitation and statutes of repose to conclude that the exceptions that are compatible with a statute of repose are those that provide a clear signal to the potential defendant when his exposure will expire.  While the "equitable exceptions" of affirmative misrepresentation or fraudulent concealment are equitable in the historic sense and do not provide the certainty of a fixed time limit to the defendant, they nonetheless put the matter in the defendant's hands.  Only the defendant can cease or cure his inherently intentional misrepresentation or concealment.

Thus, I find fault with *DuBose*'s analysis.  I struggle to understand how this Court took the existence of two explicit, defendant-centric exceptions as dispositive of the determination that MCARE Section 513 functions as a statute of limitations.  It seems clear from our prior case law that the presence of exceptions that extend the time to file suit are not categorically incompatible with statutes of repose.  Outside the specified exceptions, the outer limit of the time to sue is fixed.  The question is one of defendant-centricity—where the operation of the statute effectively assures the defendant that his exposure has ended upon the running of time from an event certain or one within the

---

[19]     42 Pa.C.S. § 5536(b)(1).

defendant's control, we find a statute of repose. Where the statute ties the running of the time to sue specifically to what the putative plaintiff knows and when, we have a statute of limitations.[20]

This is important because, in my view, there is no material distinction between MCARE Section 513(d)'s primary language and the language at issue in HIL Section 7512. In relevant part, stripped of its (express) exceptions, Section 513(d) provides that a wrongful death or survival action "must be commenced within two years after the death," with the burden of commencement upon the plaintiff and the time limit-triggered by the death, a certain event. Section 7512, similarly, provides that an HIL claim "must be commenced within one year after the date the report is delivered," also a certain event. In both cases, the defendant enjoys the certainty of a fixed period of liability exposure.

Similarly, based upon the text and independent of what the Majority gleans from our decision in *DuBose*, Section 7512 of the HIL functions as a statute of repose because it sets a fixed period of exposure that is defendant-centric, tied exclusively to delivery of

---

[20] The Majority misconstrues my disagreement with its invocation of the problematic decision in *DuBose*. *See* Maj. Op. at 22 n.20. Nothing I say in this opinion suggests that I fault Gidor for citing *DuBose*, and I do not; Gidor must make the best argument she can make using the authorities at her disposal. Rather, the point is that I disagree with the Majority's apparent view that *DuBose* has something useful to say about this case, whether by analogy or disanalogy. I also disagree with the Majority's sweeping assertion that the "legitimacy of our decision" depends upon indulging every "well-developed legal argument" that a given party raises. *Id.* An argument can be "well-developed" but distract from the best analysis, and its consideration at length may muddy the basis for the Court's disposition. What we "owe" to the parties and those who read and rely upon our opinions is to engage legal questions using the best available tools. Our primary goal must be to fashion a rule that will be of service to bench and bar in the future. We advance that goal by doing so with the clarity that comes from isolating what is helpful to that enterprise from what is not.

the subject report.  Consequently, I agree with the Majority that Gidor's claims were extinguished one year after the delivery of Mangus' report.  But I would reach that conclusion without reference to *DuBose*, which overcomplicates the analysis and may have reached the wrong conclusion.[21]

---

[21]   I qualify this concern because Section 513(d) might more fairly be treated as ambiguous.  This would make relevant its title, "Statute of repose," *see* 1 Pa.C.S. § 1924, but also would bring to bear numerous other interpretive canons that might ultimately vindicate *DuBose*'s conclusion.